IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRACY RHINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 3:12-cv-00211-MJR |
| | ) | |
| JAMES CROSS, W A SHERROD, | ) | |
| CHRISTINA MCKINNEY, ZELDA BELL, | ) | |
| LT KIRBY, C/O ROBINSON-TAYLOR, | ) | |
| C/O GUITEREZ, C/O CHAMBERS, | ) | |
| ALLISON MCCAMMACK, ROSALIND | ) | |
| ROBINSON and LT HUTCHCRAFT, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

Reagan, District Judge:

Plaintiff has brought this *pro se* civil rights action pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**, and against several federal prison officials. Plaintiff is a federal prisoner that was formerly incarcerated at Greeneville Federal Prison Camp ("Greeneville FPC"). According to the complaint, Plaintiff was temporarily transferred from Greeneville FPC to St. Clair County Jail, an Illinois county jail, on June 17, 2010. However, during her time at St. Clair County Jail she remained technically a federal prisoner in the custody of the federal government due to a contractual relationship with St. Clair County.

Plaintiff claims that Defendants James Cross and W A Sherrod, both described as Warden of Greenville Federal Correctional Institution ("Greeneville FCI"), violated her First, Fifth, Sixth, and Eighth Amendment rights under the U.S. Constitution for their refusal to provide the Plaintiff with medical care after harm was inflicted to her shoulder by staff members

1

under their command, among several other alleged constitutional violations. Specifically, Plaintiff alleges that she repeatedly sent the Wardens grievances and other correspondence informing them of constitutional violations at Greeneville FPC, and the Wardens disregarded the information, thereby condoning the violations of staff members. Next, Plaintiff claims that Defendant Christina McKinney, Greenville FPC Camp Administrator, and Defendant Rosalind Robinson, Greenville FPC Camp Manager violated her First, Fifth, Sixth, and Eighth Amendment rights. More specifically, Plaintiff alleges that McKinney and Robinson violated her Fifth Amendment right to equal protection of the laws when on June 12, 2010, those Defendants allegedly threatened Plaintiff and told her to "keep your mouth shut" regarding Plaintiff's complaints about the unequal treatment of heterosexual women at Greeneville FPC. Next, Plaintiff claims that Defendant C/O Chambers violated her Eighth Amendment right to be free from cruel and unusual punishments when he made sexually oppressive and demeaning remarks to her on June 17, 2010. Next, Plaintiff claims that Defendants Lt. Kirby (correctional officer), C/O Robinson-Taylor (correctional officer), Rosalind Robinson, and Zelda Bell (Greeneville FPC Counselor) violated her Fifth and Eighth Amendment rights on June 17, 2010, when they allegedly intentionally inflicted serious pain and injury to Plaintiff's shoulder. Specifically, the Defendants refused to respond to Plaintiff's requests to cuff her in the front after she repeatedly informed them that cuffing her in the back was causing serious pain and suffering to a pre-existing shoulder injury. Plaintiff also alleges that Defendant Bell used excessive force on the same day when he grabbed Plaintiff by the handcuffs and intentionally pulled her arms behind her to inflict pain. Next, Plaintiff claims that on June 25, 2010, and thereafter, Defendant Rosalind Robinson and Defendant Lt. Hutchcraft, Greenville FCI Special Investigative Supervisor ("SIS"), violated her First Amendment rights to receive personal mail and to have

access the courts when they did not supply Plaintiff with her personal mail and papers regarding a legal claim in accordance with her requests.  Plaintiff further claims that both Robinson and Hutchcraft were deliberately indifferent regarding Plaintiff's June 25 and June 28 complaints about conditions of confinement, access to medical care, and threats of bodily harm from staff at St. Clair County Jail.  Plaintiff also alleges that Defendant Hutchcraft violated her due process when disciplinary actions were taken against her.  Plaintiff also claims that the disciplinary actions were taken by Defendant Hutchcraft in retaliation for Plaintiff complaining (filing a grievance) about Defendant Chambers' derogatory remarks toward her.  Next, Plaintiff claims that Defendant Allison McCammack, Greenville FPC Drug Treatment Specialist ("DTS"), violated her First and Fifth Amendment rights taking Plaintiff's autobiography and analytical philosophical papers.  Next, Plaintiff claims that Defendant C/O Guiterez (Correctional Officer) violated her First and Fifth Amendment rights by tampering with Plaintiff's mail and property.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Lt. Kirby, C/O Robinson-Taylor, Rosalind Robinson, and Zelda Bell for conditions of confinement (Count 1) for the allegations concerning the June 17, 2010, incident concerning infliction of pain to Plaintiff's shoulder.  Next, Plaintiff states a colorable excessive force claim (Count 2) against Defendant Zelda Bell for intentionally causing pain to Plaintiff's shoulder on June 17, 2010.  Next, Plaintiff has stated a claim for deliberate indifference to a serious medical need against Defendant Rosalind Robinson (Count 3) for the allegations concerning deliberate indifference to Plaintiff's shoulder injury on June 25 through August 18, 2010.  Next, the Defendant states a claim against Defendants Rosalind Robinson for failure to protect (Count 4) in regards to her allegations that

Robinson was deliberately indifferent to specific threats to Plaintiff's safety at Madison County Jail.  Next, the Plaintiff has stated a claim against Defendant Lt. Hutchcraft for First Amendment retaliation (Count 5).  Finally, the Plaintiff has stated a due process claim (Count 6) against Defendant C/O Guiterez for missing property that Guiterez allegedly failed to return to her.

However, the claims against Defendant Wardens Sherrod and Cross are dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. ***Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted)**.  Plaintiff states in her complaint that both Defendants "were personally involved and personal knowledge of the violations of Rhine's rights." **Doc. 1 at 4.**  But that is merely a legal conclusion not supported by the factual allegations of the complaint.  Plaintiff only alleges facts demonstrating that she sent the Defendant Wardens grievances and correspondence, and the Wardens did not respond.  Plaintiff's logical leaps that the Wardens must have been aware of and must have condoned constitutional violations, without demonstrating actual knowledge of violations, are legally insufficient to demonstrate personal involvement. ***See Sanville,* 266 F.3d at 740; *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("the alleged mishandling of [a prisoner]'s grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim" (citations omitted)).**  Accordingly, Defendants Sherrod and Cross are **DISMISSED** as defendants.  Likewise, Plaintiff's miscellaneous allegations throughout the complaint regarding various correspondence and grievances sent to other Defendants also fail to state a claim upon which relief can be granted. ***See id*.**  In addition, Defendant McCammack is **DISMISSED** as a Defendant because there is no allegation that McCammack was personally involved in any constitutional violation.  Plaintiff only alleges that the Bureau of Prisons unit that

4

McCammack works for possessed some personal property of the Plaintiff, and Plaintiff wrote letters and told others to contact McCammack.

Even liberally construing the *pro se* Plaintiff's complaint,[1] many of the allegations lack the sufficient detail required to put the stated Defendants on fair notice of a claim. Plaintiff's equal protection violation allegations fail to state a claim upon which relief can be granted. In her complaint, Plaintiff only briefly refers to discrimination against heterosexuals at Greeneville FPC, a class that apparently includes herself, in very vague terms. *See* **Doc. 1 at 6.** Plaintiff describes an isolated incident June 12, 2010, where she spoke out against desperate treatment of heterosexuals and was thereafter called to administrative building where she was allegedly threatened by Defendants McKinney and Robinson. ***See id.*** However, Plaintiff's allegations do not contain adequate detail to explain how inmates in her class are treated differently from members of another class, who are similarly situated, and she does not allege that the unequal treatment bears no rational relation to a legitimate penal interest. ***See, e.g., May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) ("In the prison context, the Equal Protection Clause … requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." (citations omitted)).** These brief and vague statements also lack sufficient detail to determine whether prison officials had a discriminatory purpose for their actions. ***See Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) ("A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation." (citation and quotations omitted)); *see also, e.g., Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980) ("Unlike systematically discriminatory laws, isolated events that adversely affect individuals are not presumed to be a violation of the equal protection**

---

[1] ***See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).**

clause." (citation omitted)).    Accordingly, Defendant McKinney is **DISMISSED** as a defendant.

Plaintiff's allegations against Defendant Chambers also fail to state a claim upon which relief can be granted.  Plaintiff recalls an incident on June 17, 2010, where Defendant Chambers called the Plaintiff a "drama queen" and a "drama king" in the presence of several inmates and staff members.  Plaintiff claims Chambers' "sexually discriminating accusations" stigmatized her "honor, integrity, and reputation." **Doc. 1 at 7.**  However, Chambers' apparently offensive words to do not rise to level of a constitutional violation. ***See, e.g., DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *see also, e.g., Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause." (citation omitted)).**  Accordingly, Defendant Chambers is **DISMISSED** as a Defendant.

Plaintiff's allegations concerning denial of access to the courts and interruptions in the delivery of personal mail do not state claims upon which relief can be granted.  The allegations in the complaint concerning denial of access to the courts only mention that Plaintiff needed legal papers to pursue an unidentified legal claim. ***See* Doc. 1 at 9.**  Plaintiff's allegations fail because she has not made any showing of prejudice to the unidentified legal claim, as required for a denial of access to the courts claim. ***See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992).**  Likewise, Plaintiff's allegations concerning temporary interruptions in receiving personal mail do not implicate her First Amendment rights. ***See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987) ("merely**

alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support … a cause of action grounded upon the First Amendment").

Plaintiff's allegation regarding Defendant Hutchcraft's failure to provide medical attention to her injured shoulder on June 28, 2010, are insufficient to state a claim.  Unlike Defendant Robinson, Hutchcraft did not have prior knowledge of a serious condition resulting from events that transpired on June 17, 2010, because he was not alleged to have been involved on that day.  Plaintiff's allegations do not indicate that Hutchcraft would have had knowledge of a serious medical need. *See Foelker v. Outagamie County*, **394 F.3d 510, 512-13 (7th Cir. 2005) ("A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (citation omitted)).**  Rather, Plaintiff only states, without sufficient detail, that she told Hutchcraft that she needed medical attention.

Plaintiff's allegations against Defendants Robinson and Hutchcraft regarding inhumane cell conditions at St. Clair County Jail fail to state a claim upon which relief can be granted.  Plaintiff complains that after she was transferred to St. Clair County Jail June 17, 2010, she suffered in inhumane conditions of confinement.  Specifically, Plaintiff complained that toilet in her cell did not properly function, she was only given one roll of toilet paper per week, and the food trays and showers were unsanitary. *See* **Doc. 1 at 9.**  However, Plaintiff fails to allege that she suffered physical harm as a result of the conditions. *See Harris v. Fleming*, **839 F.2d 1232, 1235-36 (7th Cir. 1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel …").**

7

The allegations in the complaint regarding a failure to protect against Defendant Hutchcraft are insufficient to state a claim.  Without further detail, Plaintiff states only that Defendant Hutchcraft "failed to protect Rhine against a substantial risk" on June 28, 2010. *See* **Doc. 1 at 10.**  However, this brief allegation is unspecific as to whether the threat described by Plaintiff was an impending and substantial threat to her safety. ***See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) ("In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." (citation and quotation marks omitted)).**

Plaintiff's allegations regarding a false disciplinary report and punishment do not state a claim upon which relief can be granted.  A prisoner's arbitrary confinement in disciplinary segregation, administrative segregation, or protective custody does not implicate any liberty interest under either the Due Process Clause so long as the confinement itself does not constitute an "atypical, significant deprivation." ***See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (rejecting an argument that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause"); *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).**  A particular confinement is "atypical [and] significant" only if the conditions under which the inmate is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. ***See Wagner*, 128 F.3d at 1175.**  Here, Plaintiff only alleges that she was temporarily transferred to Madison County Jail, her security level was enhanced, and a future transfer to Texas was jeopardized as a result of the disciplinary report.  No liberty interest can be claimed to have been violated.

In ***George v. Smith*, 507 F.3d 605 (7th Cir. 2007)**, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not

only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* **507 F.3d at 607,** *citing* **28 U.S.C. § 1915(b), (g).** Plaintiff's complaint contains three sets of unrelated claims against different defendants:  1) Counts 1-4 against Defendants Lt. Kirby, C/O Robinson-Taylor, Rosalind Robinson, and Zelda Bell (Eighth Amendment violations), 2) Count 5 against Defendant Lt. Hutchcraft (First Amendment retaliation), and 3) Count 6 against Defendant C/O Guiterez (Due Process).

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count 5 of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case.  Further, the Court **SEVERS** Count 6 of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case.  The Court further directs the Clerk to add to the docket of the newly-opened case a copy of Plaintiff's complaint, the IFP application from this case, and a copy of this order.  If for any reason, Plaintiff does not wish to proceed either with this case or with the newly-opened cases, she must notify the Court within 30 days.  Unless Plaintiff notifies the Court that he does not wish to pursue one or all of these actions, she will be responsible for a separate filing fee in each case.

**Disposition**

Defendants W A Sherrod, James Cross, Christina McKinney, C/O Chambers, and Allison McCammack are **DISMISSED** from this action without prejudice.  Count 5 is severed into a separate action, for which the Clerk shall open a new case.  Count 6 is severed into a separate action, for which the Clerk shall open a new case.  Defendants in the instant action for Counts 1-4 are Defendants Lt. Kirby, C/O Robinson-Taylor, Rosalind Robinson, and Zelda Bell.

9

In the new case concerning Count 5, the Defendant is Lt. Hutchcraft.  In the new case concerning Count 6, the Defendant is C/O Guiterez.  Plaintiff shall notify the Court by September 15, 2012, if he does not wish to proceed on either this case or the newly opened cases.  At that time, the Court will order service of process on Defendants.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 15, 2012.**

<u>s/ Michael J. Reagan</u>
Michael J. Reagan
United States District Judge