IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY RHINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12−cv−0211−MJR−SCW |
| ) | |
| ZELDA BELL, LT KIRBY, OFFICER ) | |
| ROBINSON-TAYLOR and ROSALINE ) | |
| ROBINSON, ) | |
| ) | |
| Defendants. | |

# REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). After Plaintiff failed to appear at a *Pavey* hearing on June 3, 2013, Defendants moved orally for the Court to grant their pending summary judgment motion, and alternatively to dismiss Plaintiff's claims for lack of prosecution pursuant to Federal Rule of Civil Procedure 41. It is **RECOMMENDED** that Defendants' oral motion for dismissal be **GRANTED**, or alternatively, that Defendants' Motion for Summary Judgment be **GRANTED** and that the case be **DISMISSED with prejudice**.

### BACKGROUND

Plaintiff Tracy Rhine filed her *pro-se* Complaint on March 8, 2012 while she was incarcerated at the Hazelton Secure Female Facility. (Doc 1). The Court found that Plaintiff stated colorable claims against Kirby, Robinson-Taylor, Robinson, and Bell for conditions of confinement; a claim against Bell for excessive force; a claim against Robinson for deliberate medical indifference and a claim against Robinson for failure to protect. (Doc. 11). On January 25, 2013, Defendants filed this Motion to Dismiss or in the alternative, for Summary Judgment based on Plaintiff's failure to

1

exhaust administrative remedies. (Doc. 34). Plaintiff filed a Response on February 14, 2013. (Doc. 38).

Pursuant to her obligation to keep the Court informed of her whereabouts, Plaintiff filed several change of address notices as she moved around the federal penitentiary system. Her last Change of Address indicated that she was released from prison and currently resides at 2515 Inwood Rd, #115, Dallas TX, 75235. (Doc. 41). All correspondence since March 21, 2013 has been sent to Plaintiff at that address. None of it has been returned undeliverable and Plaintiff has not filed any other Notices regarding her address. On May 10, 2013, the Court set a hearing on Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment for June 3, 2013 at 9:30 a.m. in East St. Louis, Illinois. (Doc. 46). The Notice clearly stated that attendance at the hearing was mandatory and that failure to appear may result in dismissal. (Doc. 46). Additionally, Magistrate Judge Wilkerson, noting that Plaintiff lived in Dallas, scheduled another *Pavey* hearing in 3:12-cv-1003-GPM-DGW, Rhine v. Cross, on the same day in order assist Plaintiff in making her travel arrangements. Judge Wilkerson's order specifically referenced the previously set June 3, 2012 hearing in front of Judge Williams in this case. Plaintiff did not appear for her hearing. At that time, Defendants made an oral Motion to Dismiss for Lack of Prosecution under Fed. R. Civ. P. 41.

## ANALYSIS

### A. ORAL MOTION TO DISMISS FOR LACK OF PROSECUTION

Federal Rule of Civil Procedure 41(b) states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien, 9 F.3d at 29. Accord James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").**

Plaintiff's case should be dismissed for failure to prosecute. Plaintiff had previously fulfilled her obligations to keep the court informed of her whereabouts. But Plaintiff failed to appear for a

hearing on Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment, despite receiving specific warnings that her case could be dismissed should she fail to appear. **See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** The undersigned therefore finds that dismissal with prejudice is warranted under Federal Rule 41(b). **See Lucien, 66 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

B. **MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Regardless of Plaintiff's failure to appear at her hearing, the record does not support a finding in her favor in any case. Defendants styled their Motion as one for dismissal or in the Alternative, as one for summary judgment. Defendants submitted an affidavit by Heather MacConnell and several other documents from the BOP in support of their Motion. They also filed a notice to Plaintiff about the effect of a Motion for Summary Judgment under Federal Rule of Civil Procedure 56(e). (Doc. 35). Therefore, the undersigned construes their Motion as most properly one for Summary Judgment.

1. *Summary Judgment Standard*

Summary judgment — which is governed by FEDERAL RULE OF PROCEDURE 56 — is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **Dynegy Mktg. & Trade v. Multiut Corp., 648 F.3d 506, 517 (7th Cir. 2011) (citing FED. R. CIV. P. 56(a)).**[1] The party seeking summary judgment bears the initial burden of demonstrating — based on the pleadings, affidavits and/or information obtained via discovery — the lack of any genuine issue of material fact. **Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).**

---

[1] Though Rule 56 was amended in 2010, the amendment did not change the summary judgment standard. **Sow v. Fortville Police Dept., 636 F.3d 293, 300 (7th Cir. 2011)**.

3

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986). **See also Serednyj v. Beverly Healthcare, LLC**, 656 F.3d 540, 547 (7th Cir. 2011) ("When a summary judgment motion is submitted and supported by evidence . . . the nonmoving party may not rest on mere allegations or denials in its pleadings"). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. **Anderson, 477 U.S. at 248.** A mere scintilla of evidence supporting the non-movant's position is insufficient; a party will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion. **Albiero v. City of Kankakee**, 246 F.3d 927, 931–32 (7th Cir. 2001). **See also Steen v. Myers**, 486 F.3d 1017, 1022 (7th Cir. 2007) ("[S]ummary judgment is . . . the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events") (internal quotation marks omitted). In other words, there is "no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." **Van Antwerp v. City of Peoria**, 627 F.3d 295, 297 (7th Cir. 2010). **Accord Anderson, 477 U.S. at 248 (material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party).**

Finally, the Court's role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter, but rather to determine whether a genuine issue of triable fact exists. **Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co., 528 F.3d 508, 512 (7th Cir. 2008).** The Court considers the facts in a light most favorable to the non-movant. **Srail v. Vill. of Lisle**, 588 F.3d 940, 948 (7th Cir. 2009).

2. **PLRA's Exhaustion Requirement**

Lawsuits filed by prisoners are governed by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, *by a prisoner confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted. **42 U.S.C. § 1997e(a) (emphasis added).**[2] Failure to satisfy the PLRA's exhaustion requirement is an affirmative defense. **Pavey v. Conley, 544 F.3d 739, 740 (7th Cir. 2008).**

Where the defense has been raised, the Seventh Circuit has set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all the necessary findings of fact without being bound by (or even informed of) any of the findings made by the district court in determining that the prisoner had exhausted his administrative remedies.

**Id.** at 742. When — as here — purely legal issues (and undisputed facts) control the administrative remedies issue, no hearing is needed. **Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).**

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. **Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).** An inmate must take all the steps required by the prison's grievance system to properly exhaust his administrative remedies. **Ford v. Johnson, 362**

---

[2] It is clear that complaints about a prisoner's medical treatment are complaints about prison conditions for the purposes of the PLRA. **Witzke v. Femal, 376 F.3d 744, 751 (7th Cir. 2004) (citing Wilson v. Weiter, 501 U.S. 294, 299 n. 1 (1991) ("if an individual prisoner is deprived of needed medical treatment, that is a condition of his confinement")).**

5

**F.3d 395, 397 (7th Cir. 2004);** *Pozo v. McCaughtry*, **286 F.3d 1022, 1023–24 (7th Cir. 2002).** The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006).** When officials have been afforded this opportunity, the prisoner has properly exhausted all available remedies. *Id.* If prison administrators explicitly rely on a procedural shortcoming (like failing to follow the prison's exhaustion deadlines) in rejecting a prisoner's grievance, that procedural shortcoming amounts to a failure to exhaust. *Maddox v. Love*, **655 F.3d 709, 722 (7th Cir. 2011).**

### 3. BOP Administrative Remedy Procedures

The Federal Bureau of Prisons permits inmates to address issues with their conditions of confinement through an administrative remedy procedure. **28 C.F.R. § 542.10**. Administrative Officers have the responsibility of creating policies and procedures to address Administrative Remedy Requests. **28 C.F.R. § 542.11**. As part of this responsibility, they must provide inmates with receipts for their requests, conduct investigations, and respond to and sign all Remedy Requests. **28 C.F.R. § 542.11**. Inmates are encouraged to attempt to resolve their grievances informally by using a BP-8 or BP-8 ½ form. **28 C.F.R. § 542.13**. Should that process fail, the inmate has twenty (20) days from the date of the incident to file a formal complaint (BP-9) with the Warden. **28 C.F.R. § 542.14**. The Warden must respond in twenty (20) days. **28 C.F.R. § 542.18**. The inmate may then use a BP-10 form to file an appeal with the Regional Office if she is unsatisfied with the Warden's response. **28 C.F.R. § 542.15**. The Regional Office will respond within thirty (30) days. **28 C.F.R. § 542.18**. Finally, should the issue remain unresolved, the inmate may file one last appeal (BP-11) to the General Counsel, which must be responded to within forty (40) days. **28 C.F.R. §§ 542.15, 542.18**. Each phase of this process has an appropriate form, which the inmate shall obtain from the institution staff, which is usually their correctional counselor. **28 C.F.R. § 542.14(c)(1).**

Here, Defendants have submitted a sworn affidavit from Heather MacConnell testifying that Plaintiff did not file any grievances during her time at FCI Greenville from February 23, 2010 through August 31, 2010 (Doc. 34-1, p. 2-3). MacConnell also presented evidence that Plaintiff could not have filed any grievances regarding Greenville at her next institution because they would have been untimely. (Doc. 34-1, p. 3). This evidence supports Defendants' arguments that Plaintiff failed to exhaust her administrative remedies as required by PLRA.

In her response, Plaintiff argued that she was unable to properly grieve anything at Greenville because her repeated requests for the proper forms were ignored by staff. (Doc. 38). While the undersigned found this argument sufficiently compelling to require an evidentiary hearing, Plaintiff has not submitted any evidence on this point that the undersigned may consider. Her response was not verified and did not contain any attestations as to its truthfulness and accuracy. Nor did Plaintiff submit any affidavits or other evidence in support of her arguments. Additionally, her failure to appear at the hearing precluded any sworn testimony from being entered into the record. Plaintiff was specifically instructed on the effect of affidavits in a motion for summary judgment. (Doc. 35). Plaintiff did not submit sufficient evidence to rebut the presumption created by Defendants' evidence submitted in support of their Motion for Summary Judgment. The record as it currently stands does not support a finding in Plaintiff's favor on the Motion for Summary Judgment.

### FAILURE TO SIGN THE COMPLAINT

Defendants also asked the Court to strike Plaintiff's complaint based on her failure to sign it. On June 3, 2013, Plaintiff filed another copy of her Complaint, construed as a Motion to Amend/Correct (Doc. 49). The document is identical to Plaintiff's original Complaint, except in two respects. The final page appears to be missing from the new document, and, more importantly,

it bears Plaintiff's signature. Therefore, the undersigned **RECOMMENDS** that Defendant's Motion to Strike the Complaint be **DENIED as MOOT.**

## CONCLUSION

It is therefore **RECOMMENDED** that Defendants' oral motion for dismissal (Doc. 47) be **GRANTED**, or in the alternative, that Defendants' Motion for Summary Judgment (Doc. 34) be **GRANTED**, and that Plaintiff's case be **DISMISSED with prejudice**. Defendants' request to strike the Complaint should be found **MOOT**. Should the Court accept the undersigned's recommendations, no claims would remain in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). Objections to this Report and Recommendation must be filed on or before June 24, 2013**.

**IT IS SO RECOMMENDED.**

Dated: **June 5, 2013**   /s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge